**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CURTIS DEON JONES, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 16-CV-164-JED-TLW |
| | ) |
| SAM A. JOYNER, Judge; | ) |
| TERENCE KERN, Judge; | ) |
| ALLEN LITCHFIELD; | ) |
| SHANNON HENSON; | ) |
| W. CREEKMORE WALLACE, II; | ) |
| CARLA MULLINS ROOTS, | ) |
| | ) |
|       **Defendants.** | ) |

**OPINION AND ORDER**

On March 28, 2016, Plaintiff, a federal prisoner in custody at FCI Beaumont Medium, Beaumont, Texas, and appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Doc. 1).[1] By Order filed March 30, 2016 (Doc. 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay an initial partial filing fee. On May 2, 2016, Plaintiff paid the initial partial filing fee (Doc. 5). For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted and is dismissed with prejudice.

*BACKGROUND*

In his complaint, Plaintiff complains of actions taken against him in the prosecution of his criminal case, N.D. Okla. Case No. 05-CR-091-TCK. In that case, on October 17, 2006, Plaintiff entered a plea of guilty to Racketeering Conspiracy. On January 17, 2007, United States District

---

[1] Although Plaintiff alleges that 42 U.S.C. §§ 1983, 1985, provide authority for this action, the Court finds that, because defendants allegedly violated Plaintiff's rights while acting under color of federal law, this matter shall proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Judge Terence Kern sentenced Plaintiff to 260 months imprisonment. The Court takes judicial notice of the record in N.D. Okla. Case No. 05-CR-091-TCK. The docket sheet for that case reflects that Plaintiff has filed multiple unsuccessful post-judgment motions seeking relief from his sentence based on the same or similar claims raised in the instant case. In his first 28 U.S.C. § 2255 motion, *see* N.D. Okla. Case No. 05-CR-091-TCK, Doc. 806, Plaintiff claimed, as he does in this case, that his attorneys "forced and coerced" his guilty plea. Judge Kern denied relief, and the Tenth Circuit denied a certificate of appealability and dismissed Plaintiff's appeal. Plaintiff also filed a "motion to vacate guilty plea F.R.Crim. P. 11(f) caused by fraud on the court by the U.S. Attorney, denial of exculpatory evidence," *see id.*, Docs. 910, 912, asserting, *inter alia*, that he is actually innocent. That motion was dismissed as a second § 2255 motion filed without authorization from the Tenth Circuit, *see id.*, Doc. 964. Thereafter, the Tenth Circuit denied authorization to file a successive § 2255 motion, *see id.*, Doc. 973. Not to be dissuaded, Plaintiff filed yet another § 2255 motion on September 2, 2014, again claiming that he "did not shoot or kill anybody," *see id.*, Doc. 1007 at 7, and that he was coerced to plead guilty, *id.* On October 1, 2014, Judge Kern dismissed the motion for lack of jurisdiction, *see id.*, Doc. 1009. Plaintiff unsuccessfully appealed to the Tenth Circuit, *see id.*, Doc. 1027.

Now, Plaintiff seeks relief under 42 U.S.C. § 1983, alleging that the Assistant United States Attorneys who prosecuted his case, Defendants Allen Litchfield and Shannon Henson, "committed prosecutorial misconduct and fraud to deny the Plaintiff due process of law and equal protection of the law" when, after defense counsel advised that Plaintiff wanted to proceed to trial, they informed the Court that the government was going to charge Plaintiff "with another homicide" (Doc. 1 at 3). Plaintiff further alleges that his attorneys "pressured and coerced the Plaintiff into pleading guilty"

2

even though he advised them that he "was in fact innocent of the charges" filed against him, *id.* at 5, and that both United States Magistrate Judge Sam Joyner and Judge Kern knew that he "did not and could not have committed" the crime, *id.* at 7-8. As his requested relief, Plaintiff seeks "immediate" injunctive and declaratory relief, *id.* at 11. However, he fails to specifically describe the injunctive relief sought. *Id.*

## *ANALYSIS*

### A. Standards for dismissal

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1),(2). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous

construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### B. Judicial/prosecutorial immunity

Plaintiff complains of actions taken against him by Judge Kern and Magistrate Judge Joyner (the "judicial defendants"). *See* Doc. 1 at 6-8. In addition, he complains of actions taken against him by Defendants Litchfield and Henson (the "prosecutors") while employed by the United States Attorney's Office. *Id.* at 3-4. In his requests for relief, Plaintiff asks for "immediate," but unspecified, injunctive and declaratory relief. *Id.* at 11.

Any claim for money damages in this § 1983 action would be barred by absolute immunity. It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991))). Plaintiff alleges that the judicial defendants engaged in unconstitutional

conduct while presiding over his criminal proceeding. As a result, these defendants "were performing judicial acts and were therefore clothed with absolute judicial immunity." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994); *see also Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to "any judicial officer who acts to either [1] resolve disputes between parties or [2] authoritatively adjudicate private rights." (internal quotation marks and alterations omitted)).

Similarly, the doctrine of absolute prosecutorial immunity would bar a damages claim against the prosecutors named as defendants in the complaint. *See Hunt*, 17 F.3d at 1267. The Supreme Court has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Insofar as Plaintiff's allegations of prosecutors' wrongdoing arise from their preparation of, and performance during, Plaintiff's criminal proceedings, *Buckley* dictates that the prosecutors enjoy absolute prosecutorial immunity.

However, as set forth above, Plaintiff does not request money damages. Instead, he seeks "immediate" injunctive and declaratory relief. Whether federal judges and prosecutors are entitled to absolute immunity from *Bivens* claims for injunctive relief appears to be an open question in the Tenth Circuit. *See Peterson v. Timme*, 621 F. App'x 536, 542 (10th Cir. July 30, 2015) (unpublished)[2] (citing *Switzer v. Coan*, 261 F.3d 985, 990 n.9 (10th Cir. 2001); *Armstrong v. Boulden*, 101 F. App'x 773, 775 n.1 (10th Cir. May 27, 2004) (unpublished); *Akers v. Crow*, No.

---

[2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

5

09-3037-RDR, 2009 WL 512335, at *2 (D. Kan. Mar. 2) (unpublished), *aff'd*, 343 F. App'x 319 (10th Cir. 2009) (unpublished); *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1166–67 (W.D. Okla. 2001), *aff'd sub nom. Mehdipour v. Okla. Court of Civil Appeals*, 62 F. App'x 203 (10th Cir. 2003) (unpublished)). Courts have recognized at least a colorable argument that federal judges are entitled to absolute immunity from such claims. *See Mehdipour*, 173 F. Supp. 2d at 1167 ("Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under *Bivens*."); *see also Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (unpublished); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000); *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1391-94 (9th Cir. 1987).

In any event, Plaintiff has not demonstrated an entitlement to injunctive relief. Plaintiff claims that the federal judges and prosecutors violated his constitutional rights in connection with the his criminal proceedings, notably with respect to his plea of guilty. Because Plaintiff complains of acts that were or could have been the subject of appellate review, he had an adequate remedy at law that precludes a grant of equitable relief now. *See Peterson*, 621 F. App'x at 542-43 (citing *Switzer*, 261 F.3d at 990-91; *Armstrong*, 101 F. App'x at 775; *Bolin*, 225 F.3d at 1242-43; *Hill v. Traxler*, No. 13-1037, 2013 WL 4580456, at *1 (D.D.C. July 9) (unpublished), *aff'd*, 550 F. App'x 1 (D.C. Cir. 2013) (unpublished); *Akers*, 2009 WL 512335, at *2; *Koskella v. Zimmer*, No. CIV-07-533-R, 2007 WL 4302923, at *4 (D. Utah Dec. 6, 2007) (unpublished); *Mehdipour*, 173 F. Supp. 2d at 1167).

For the reasons cited above, the complaint, even afforded a liberal construction, presents no cognizable claims with respect to the judicial defendants and the prosecutors. In addition, the

deficiencies cannot be cured by amendment, and the claims against Defendants Kern, Joyner, Litchfield, and Henson are dismissed with prejudice.

## C. Defense attorneys

Plaintiff also seeks relief based on claims against his defense attorneys, Defendants W. Creekmore Wallace II and Carla Mullins Roots. As stated above, Plaintiff commenced this action pursuant to 42 U .S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, the challenged conduct must constitute state action. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged [constitutional] deprivation was committed by a person acting under color of state law."); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982); *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000); *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996). Where, as here, a § 1983 claim is based on the conduct of a private individual, that conduct constitutes state action if it is "fairly attributable to the state." *Pino*, 75 F.3d at 1465 (quoting *Lugar*, 457 U.S. at 937). A private individual's conduct is "fairly attributable to the state" if two conditions are met:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State.

*Id.* (quoting *Wyatt v. Cole*, 504 U.S. 158, 162 (1992) (internal quotation marks and citation omitted)).

Nothing suggests that Defendants Wallace and Roots acted under state law. The record for N.D. Okla. Case No. 05-CR-091-TCK demonstrates that Defendants Wallace and Roots were both court-appointed to represent Plaintiff in federal criminal proceedings. Even if Plaintiff's complaint

is liberally construed to assert a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), his complaint fails to state a claim. To raise a *Bivens* claim, Plaintiff must show that his attorneys were federal officers acting under color of federal law. *Bivens*, 403 U.S. at 389. Plaintiff has not made the necessary showing. *See Anderson v. Sonenberg*, 111 F.3d 962, 1997 WL 196359, at *1 (D.C. Cir. Mar. 13, 1997) (unpublished) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens*."); *Bradford v. Shankman*, 772 F.2d 905, 1985 WL 13659, at * 1 (6th Cir. Aug. 12, 1985) (unpublished) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Davis v. U.S.*, No. CIV-06-1376-C, 2007 WL 983206, at *6 (W.D. Okla. Mar. 29, 2007) (unpublished) (holding a federal public defender is not a federal officer for purposes of a *Bivens* action).

In summary, because Plaintiff's defense attorneys were not acting under the color of state or federal law, his claim under either 42 U.S.C. § 1983 or *Bivens* fails to state a claim. Furthermore, the deficiency cannot be cured by amendment. Therefore, Plaintiff's claims against Defendants Wallace and Roots shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**D. First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted and the deficiencies cannot be cured by amendment. As a result, the complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in

a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

### E. Filing fee obligation

As a final matter, Plaintiff is reminded that he remains obligated to pay, in monthly installments, the balance owed on the filing fee for this case. *See* 28 U.S.C. § 1915(b).

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay in monthly installments the balance owed on the $350 filing fee for this case.

4. A separate judgment shall be entered in this matter.

ORDERED THIS 5th day of May, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

9